IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JESSE HIEBLER, etc.,

    Plaintiff,

v.                                 CASE NO. 1:20cv54-RH-GRJ

AK SECURITY SERVICES, LLC,

    Defendant.

_____/

## INITIAL SCHEDULING ORDER

Because of the covid-19 pandemic, this order sets a schedule with a presumptive discovery deadline and trial date two months later than would ordinarily be set. The order does not delay the attorney conference, which can be conducted by telephone, but a consented motion to delay the attorney conference and other deadlines will be granted. The discovery deadline and trial date set at this time will be delayed later if conditions warrant it. Safety will trump the schedule.

    IT IS ORDERED:

    1. The deadline for the Federal Rule of Civil Procedure 26(f) attorney conference is April 28, 2020. At the conference, the attorneys and any

unrepresented party must address the matters set out in Rules 16(b)(3)(A), 16(b)(3)(B), 16(c)(2), 26(f)(2), and 26(f)(3). Discovery may begin after the attorney conference. The conference may be conducted remotely, and the discovery plan and proposed schedule should take account of the covid-19 pandemic.

2. The deadline to file the Rule 26(f) report is May 12, 2020. The report must address the matters set out in Rules 16(b)(3)(A), 26(f)(2), and 26(f)(3), and may address any other scheduling or case-management issue.

3. Unless a change is agreed to by all parties and set out in the Rule 26(f) report, or a change is ordered by the court, these are the deadlines for Rule 26 disclosures:

   (1) for 26(a)(1) disclosures, 14 days after the 26(f) attorney conference;

   (2) for 26(a)(2) disclosures, the deadlines set out in Rule 26(a)(2)(D);

   (3) for 26(a)(3) disclosures, the deadline set in an order for pretrial conference to be entered later or, if no such order is entered, the deadline set out in Rule 26(a)(3)(B).

4. Absent good cause set out in the 26(f) report, the discovery deadline will be November 30, 2020, and the trial will occur during the two-week period that begins on March 15, 2021. These dates will be moved *earlier* if all parties so request. The parties should not request a *delay* of these dates except for good

Case No. 1:20cv54-RH-GRJ

cause. The covid-19 pandemic is good cause but will also be good cause for a later continuance—so the attorneys need not assume a worst-case progression. A conflict with the trial date is ordinarily good cause. That an attorney will be busy on other matters between now and then ordinarily is not good cause.

     5. The parties must confer on whether to consent to have a magistrate judge preside over the entire case. The 26(f) report must confirm that the parties have conferred on this issue but must not set out the parties' positions unless all parties consent to have a magistrate judge preside.

     6. Discovery materials and Rule 26(a)(1) and (2) disclosures must be served but must not be filed except for the reasons listed in Local Rule 26.1(A).

     7. Each nongovernmental corporate party must file a disclosure statement as required by Federal Rule of Civil Procedure 7.1. If not filed sooner, the statement must be filed within 14 days after entry of this order.

     SO ORDERED on March 25, 2020.

                                                     s/Robert L. Hinkle  
                                                     United States District Judge