UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CASE NO: 1:20-54-RH-GRJ

JESSE HIEBLER, on behalf of himself and
all others similarly situated,

vs.

AK SECURITY SERVICES, LLC,

    Defendant.
_____/

**JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AGREEMENT AND FOR ORDER OF DISMISSAL WITH PREJUDICE**

COMES NOW, Plaintiffs, JESSE HIEBLER and DAVID CARBONARO ("Plaintiffs") and Defendant, AK SECURITY SERVICES, LLC, ("AK" or "Defendant") (Plaintiffs and Defendant are hereinafter referred to as "the Parties"), by and through undersigned counsel, to file their Joint Motion for Court Approval of Settlement Agreement and for Order of Dismissal with Prejudice, as follows:

### I.    FACTUAL BACKGROUND

Plaintiff, Jesse Hiebler, filed his Collective Action Complaint against Defendant on March 1, 2020. *D.E. 1*. Plaintiff initial Complaint alleges one (1) count against Defendant for federal overtime violations under the Fair Labor Standards Act ("FLSA"). *Id.* On March 9, 2020, Plaintiff, David Carbonaro, filed his Consent to Join and opted-in to the current Action. *See D.E. 5*. The Plaintiffs allege the overtime violations resulted from Defendant's misclassification of Plaintiffs as independent contractors. *See. D.E. 1*. The Parties have since engaged in extensive negotiations; in order to avoid the further expense and uncertainty of litigation during the COVID-19 global pandemic, the Parties negotiated a settlement agreement ("the Agreement") and reached a consensus on all material terms. Defendant seeks to resolve the claims without any admission

that Plaintiffs were not properly compensated while employed by AK. Further, Plaintiffs' attorneys' fees and costs in resolving their claims were negotiated independently and separately from the settlement of Plaintiffs' wage claims. A copy of the settlement agreement is attached as Exhibit "A."  The Parties **do not** seek *in camera* review of this Settlement Agreement and have not included any provisions within the Settlement Agreement that could violate public policy or the spirit of the FLSA.  Accordingly, the Parties respectfully request that this Honorable Court approve their Settlement Agreement, grant their Motion for Court Approval of Settlement Agreement and for Order of Dismissal with Prejudice, and retain jurisdiction to enforce the terms of the agreement for up to sixty (60) days.

## II.     MEMORANDUM OF LAW

Unlike many other legal claims, parties may not bargain away the FLSA's protections.  *See* Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 708 (1945) ("[T]he same policy which forbids employee waiver of the minimum statutory rate because of inequality of bargaining power prohibits these same employees from bargaining with their employer in determining whether so little damage was suffered that waiver of liquidated damages is called for").  There are only two ways in which back wages claims arising under the FLSA can be settled or compromised by employees.  *See, e.g.,* Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352 (11th Cir. 1982). First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them.  *Id.* at 1353.  The only other route for compromise of FLSA claims is provided in the context of lawsuits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations.  *Id.*

When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after

scrutinizing the settlement for fairness. *See, e.g.,* Parker v. Short Stop Pantry, Inc.., 2018 WL 590465 at *1 (N.D. Fla. May 7, 2018) (Rodgers, J.) *citing* Lynn's Food Stores, Inc., 679 F.2d at 1353-55 (Court should determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute"); Coffield v. Gulf Coast Title Agency, LLC., 2018 WL 7297840 at *1-2 (M.D. Fla. Oct. 29, 2018) (Judge Rodgers approving FLSA Settlement Agreement upon finding that the settlement was a fair and reasonable resolution of a bona fide dispute over Plaintiff's misclassification and the FLSA's provisions); Dell Valle v. Digital Risk, LLC, 2014 WL 5038617, at * 1 (M.D. Fla. Sept. 29, 2014) (Presnell, J.) (adopting Magistrate Judge Kelly's Report and Recommendation for approval of FLSA Joint Settlement Agreement where attorneys received $10,000 out of a total settlement of $20,000); Dalton v. Physicians Stat Lab, Inc., 2019 WL 1093438 at *2 (M.D. Fla. Feb. 6, 2019) (Conway, J.) (adopting report and recommendation to approve FLSA settlement agreement when Plaintiffs recovered half of damages claimed in Answer to Court's Interrogatories and finding fees were fair and reasonable when they were negotiated without regard to amount Plaintiffs agreed to accept in the settlement); Jenkins v. Associated P'ship, Ltd., Inc., 2010 WL 375936 (M.D. Fla. Jan 25, 2010) (Presnell J.) (adopting report and recommendation for approval of settlement agreement and for dismissal with prejudice in an FLSA matter where Plaintiff's attorney received $20,000 in fees and costs, and Plaintiffs received $10,000 for unpaid wages and liquidated damages). If a settlement in an FLSA dispute reflects a reasonable compromise over issues that are actually in dispute, such as FLSA coverage or computation of back wages, the district court is permitted to review and approve the settlement in order to promote the policy of encouraging settlement of litigation. *See* Lynn's Food Stores, Inc., 679 F.2d at 1353.

Here, the Parties respectfully submit that the terms set forth within the Settlement Agreement entered into between the parties was a "fair and reasonable resolution" of Plaintiffs' FLSA claims. *Exhibit "A."* Further, the Parties agree that the Settlement Agreement results in a complete recovery of all wages Plaintiffs claim are owed. *Id.* This case involves contested issues of liability, and Defendant denies Plaintiffs were misclassified (and denies they are entitled to any overtime whatsoever). If Plaintiffs had proceeded to trial, a jury could have determined that Plaintiffs are not entitled to recover anything. The amount Defendant has agreed to pay Plaintiffs compensates Plaintiffs for the total amount of *unliquidated and liquidated* wages sought in sought in this case. *See Exhibit "A."* Further, given the economic uncertainty created by the COVID-19 virus, Plaintiffs were not inclined to continue with the instant litigation.

Defendant and Counsel for Plaintiffs separately negotiated attorneys' fees and costs without compromising Plaintiffs' claim.[1] *See, e.g.,* Huertas v. Competitive Edge Group, Inc., et. al., M.D. Fla. Case No. 6:19-cv-915-CEM-GJK (Attorney's fees deemed reasonable in light of the fact that fees were negotiated separately from Plaintiffs' recovery); *see also* Parker, 2018 WL 590465 at *1 (Judge Rodgers approving FLSA settlement agreement when Plaintiff received $2,000, and his counsel received $4,000 in attorneys' fees, because the fees were negotiated separately from Plaintiff's recovery; New v. Kiwi of Gainesville, Inc., N.D. Fla. Case No. 1:18-

---

[1] According to Plaintiffs' counsel's internal calculations - which counsel for Defendant has neither examined nor approved - counsel for Plaintiffs incurred more than five thousand five hundred ($5,500.00) dollars prosecuting Plaintiffs' claims. Lead counsel Jordan Richards, Esq. has billed at $350.00 per hour – a rate which has previously been approved by federal district courts throughout Florida. *See, e.g.,* Huertas, M.D. Fla. Case No. 6:19-cv-915-CEM-GJK; *see, also,* Conrey v. Bagel Way Kosher Way, S.D. Fla. Case No. 1:18-cv-22795-DPG (Court approved Mr. Richards' request for $400.00 per hour). In order to expedite Plaintiffs' settlement, counsel for Plaintiffs separately negotiated to accept a total of three thousand seven hundred twenty dollars ($3,720.00) in attorney's fees and costs which constitutes a more than 30% reduction of the actual time billed in this case.

cv-223-GRJ (Magistrate Judge Jones approved fees in FLSA case because they were agreed upon separately and without regard to amounts paid to Plaintiff). Here, counsel for Plaintiffs agreed to accept nearly 30% less than the fee amount reflected in Plaintiffs' counsel's lodestar in order to obtain a swift recovery. In total, Plaintiffs' counsel will receive attorney's fees in the amount of $3,235.00 and costs in the amount of $485.00. *Exhibit "A."* The Parties **do not** seek *in camera* review of this settlement, and the parties have not included a confidentiality provision in the settlement agreement. Moreover, there are no confidentiality or general release provisions contained within the Settlement Agreement that would violate public policy or the spirit of the FLSA. The recovery obtained by Plaintiffs constitutes a complete recovery of the wages and liquidated damages they claim to be owed. The undersigned counsel, who are experienced in wage and hour matters, view the reached-upon settlement as a fair outcome for the Parties. Because of the foregoing reasons, the settlement terms represent a fair and equitable resolution of this matter in light of the contested issues in this case.

### III.   CONCLUSION

**WHEREFORE**, for the reasons set forth herein, the Parties respectfully submit that the terms set forth with the Settlement Agreement constitute a fair and reasonable resolution of the FLSA dispute between the parties, and request that this Honorable Court approve the Settlement Agreement attached hereto, dismiss the case with prejudice, and retain jurisdiction over enforcement of the Settlement Agreement for up to forty five (45) days.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Prior to the filing of this motion, counsel for the Parties conferred regarding the relief sought in this Motion, and jointly seek the relief requested herein. The parties further certify that this motion contains 1,656 words.

**Dated this 26th day of May 2020.**

Respectfully Submitted,

| | |
|---|---|
| **SPIRE LAW, LLC** | **USA EMPLOYMENT LAWYERS** |
| *Counsel for Defendant* | **JORDAN RICHARDS, PLLC** |
| 12249 Science Drive, Suite 155 | *Counsel for Plaintiffs* |
| Orlando, Florida 32826 | 805 E. Broward Blvd. Suite 301 |
| Telephone: (407) 494-0135 | Fort Lauderdale, Florida 33301 |
| | Telephone: (954) 871-0050 |
| By:/s/ *Heather Meglino, Esq.* | By:/s/ *Jordan Richards, Esq.* |
| **HEATHER MEGLINO, ESQUIRE** | **JORDAN RICHARDS, ESQUIRE** |
| Florida Bar No. 91857 | Florida Bar No. 108372 |
| *heather@spirelawfirm.com* | jordan@jordanrichardspllc.com |
| | melissa@jordanrichardspllc.com |
| | jake@jordanrichardspllc.com |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing motion was filed via CM/ECF and served on all counsel of record on May 26, 2020.

By:/s/ *Jordan Richards, Esq.*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST:

**HEATHER M. MEGLINO, ESQUIRE**
Florida Bar No. 91857
heather@spirelawfirm.com
SPIRE LAW, LLC
12249 Science Drive, Suite 155
Orlando, Florida 32826
*Counsel for Defendant*